[No. 16952   Department Two.   June 12, 1922.]

JAMES E. BLACKWELL, *Appellant*, v. THE RAINIER GOLF
AND COUNTRY CLUB, *Respondent*.[1]

CORPORATIONS (158)—REPRESENTATION—CONTRACTS—EMPLOYMENT
BY PRESIDENT.   Where employment of plaintiff, an architect, is ad-
mitted by a club, and there is evidence that the matter was left
largely to the discretion of the president, who recognized that plain-
tiff was entitled to some consideration, he can recover the reason-
able value of plans and specifications which he was employed to
prepare although they were not used; but he is not entitled to a
refund of club dues, paid by him on the expectation that he was to
go through with the work.

Appeal from a judgment of the superior court for
King county, Abel, J., entered June 9, 1921, upon find-
ings in favor of the defendant, in an action on contract,
tried to the court. Reversed.

*Revelle & Revelle* and *Lucas C. Kells*, for appellant.

*Reynolds, Ballinger & Hutson* and *Clay Allen*, for
respondent.

MAIN, J.—The plaintiff brought this action for the
purpose of recovering the balance claimed to be due
him for services rendered to the defendant as archi-
tect and engineer. In the answer an offset was pleaded
claiming damages by reason of insufficient inspection
of certain work that was done under the supervision
of the plaintiff. The affirmative matter in the action
was denied by reply. The cause was tried before the
court without a jury, and resulted in a judgment dis-
missing the action and allowing no recovery upon the
claimed offset. From this judgment, the plaintiff ap-
peals. The respondent is a corporation organized not
for profit; its revenues are derived from the fees of
its members. The purpose of the organization was to

[1]Reported in 208 Pac. 21.

acquire land for and construct a golf course and necessary buildings, and thereafter operate a golf club. On or about March 15, 1919, the appellant, after some negotiations with the president of the club, was engaged, by authorization of the board of directors, as engineer and architect. It was a part of the understanding that he was to become a member of the club, and the membership fee of $300 was to be charged against any sum that might become due for services. After this the appellant entered upon the performance of his duties as architect and engineer and considerable work was done under his supervision. The land which was purchased had to be cleared, leveled, and a portion of it drained.

The chief controversy is over the question as to whether the appellant should be paid for certain plans and specifications of work projected and which was not done. The position of the respondent is that these plans and specifications were prepared by the appellant without authorization of the club and at his own volition. The appellant contends that they were prepared after numerous conferences with the officers of the club and embodied their ideas. The work which had been done under plans and specifications prepared by the appellant had been paid for. Upon the question as to whether the appellant acted without authority in preparing the plans and specifications over which this controversy is waged, much of the evidence is in direct conflict. The trial court's findings are not specific and are only to the effect that the appellant had been fully paid, if this may be considered a finding of fact rather than a conclusion. After the plans and specifications were prepared, the appellant prepared an advertisement calling for bids, which was afterwards published in a newspaper. The appellant, after

preparing the advertisement, left the city for some days, and in his absence it was published. The evidence is not clear as to just who directed the publication. In response to this advertisement, bids were made for the work contemplated, the lowest of which was approximately $34,888. Owing to the cost, the respondent refused to proceed with the work, as the club was not in financial condition to make that expenditure for the purposes covered by the specifications.

After the rejection of these bids, as the evidence shows, the appellant and the president of the club had a warm conversation over the question of what compensation should be allowed the appellant. Following this conversation, the appellant wrote to the president of the club a rather extensive letter setting forth his position in detail, and the president replied by letter. Taking these two letters together, we are unable to escape the conclusion that the objection made to the claim of the appellant was to the amount to which he claimed he was entitled, rather than that he was not entitled to anything for plans under which work had not been done. For work completed, a commission of five per cent had previously been allowed, though there had been no specific contract as to the amount thereof. The plans not being used, the appellant claimed that he was entitled to three and a half per cent upon the lowest bid. The position of the club, as indicated by the president's letter, was that, since the bids were excessively high, his commission should not be figured on that basis. When the matter was submitted to the board of trustees, they rejected the claim of the appellant and refused to make any compensation, and thereafter the present action was brought. The plans contemplated the building of certain roads, the grading of the hill, construction of an artificial lake, and the

erection of gate posts at the entrance to the grounds. As a preliminary to making the plans and specifications for the grading of the hill, the appellant employed engineers to make a cross sectional survey. The engineers for this work have a claim against him for the sum of $425, which he, if any one, will be required to pay, as the club was not obligated for that item. Whatever the reasonable amount of this claim may be, it is an item which would come out of the compensation which the appellant would recover for the plans and specifications which resulted in this controversy.

Without reviewing the evidence in detail, and without deciding between the conflicting oral testimony, it seems clear that the respondent is liable for a reasonable compensation for preparing the plans and specifications for which the appellant seeks recovery. It is said, however, that the club did not authorize this projected work. It is true that no contract for work was at any time let without first having been submitted to the board of trustees. The president of the respondent corporation, as is usual in such cases, had largely to do with the management and the conduct of its affairs. The employment of the appellant is admitted, and one of the trustees testifying stated that it was left largely to the discretion of the president of the club as to what he would have the appellant do. The letter of the president, above referred to, indicated that the appellant was entitled to some compensation. Considering the relation of the president to the club, we think it should be held that he was not exceeding his authority in recognizing the justice of the claim to some extent. The evidence offered by the appellant, and there was none offered by the respondent, is that reasonable compensation for the plans and specifications would be $1,221. In addition to that, the appel-

lant claims a refund upon two other items, one his membership fee. With respect to this he contends that, since he became a member with the understanding that he was to be the architect and engineer for the club, and since he had been discharged, there should be a refund on his membership. This position, we think, is without merit. The membership fee was not conditioned upon the appellant's continued services in the capacity in which he was employed.

The other refund is for an item which the appellant expended for engineering work paid by the appellant. This work was a survey of the entire eighteen courses, and it is contended that, since the appellant was not to go through with his entire contract, there should be a refund on this item. In other words, that, since he was only permitted to earn commissions with respect to a part of the courses, he should not be charged with the entire cost of the survey. The amount of this claimed refund is $145.50. We think the evidence shows that this matter is a closed transaction. It had been adjusted and determined between the parties prior to the time when the present controversy arose and the appellant is not in a position to claim a refund.

On the question of the offset, the evidence is conflicting as to the manner in which appellant performed his duty in inspecting the ditch or drain. The trial court disallowed this claim, and after attentive consideration to all the evidence bearing thereon, we are of the opinion that a case was not made out on the offset.

The judgment will be reversed, and the cause remanded with direction to enter a judgment in favor of the appellant as above indicated.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.